**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON MOORE, ) | |
| ) | |
| Plaintiff, ) | Case No.: 22-cv-3678 |
| ) | |
| v. ) | |
| ) | |
| St. Bernard Hospital ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

## JURISDICTION AND VENUE

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff has fully complied with the procedural requirements of Title VII. She filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4. At all times herein mentioned, Plaintiff, Sharon Moore (hereinafter "Moore"), was employed by the Defendant St. Bernard Hospital.

5. At all times herein mentioned, Defendant, St. Bernard Hospital, was and is an Illinois corporation duly organized, existing, and operating within the jurisdiction of this Court. St. Bernard Hospital is also an employer subject to suit under Title VII in that is in an industry

affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

6. Defendant St. Bernard Hospital at all times herein mentioned operated a hospital in the City of Chicago, County of Cook, State of Illinois.

7. Plaintiff began her employment with Defendant in February 2019.

8. At all material times, Plaintiff performed her duties according to Defendant's legitimate expectations.

9. On or about May 7, 2021, Defendant terminated Plaintiff's employment.

10. Defendant falsely accused Plaintiff of being insubordinate in order to justify the termination of Plaintiff's employment.

11. Contrary to Defendant's accusations, Plaintiff was not insubordinate.

12. Moreover, even if Plaintiff had been insubordinate terminating Plaintiff's employment was a far more severe penalty than had been imposed on similarly situated male employees who had engaged in similar or worse rule violations.

13. Plaintiff's employment was terminated because of her sex/gender.

14. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiff claims such damages together with prejudgment interest as permitted by law.

15. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the defendant in a sum as determined according to law and proof.

## COUNT I

### PLAINTIFF AGAINST DEFENDANT FOR
### DISCRIMINATION ON THE BASIS OF SEX/GENDER
### IN VIOLATION OF TITLE VII

16. Plaintiff realleges and incorporates paragraphs one (1) through fifteen (15) as though fully set forth at this place.

17. Plaintiff was qualified for the job she held with Defendant and performed all job functions to Defendant's legitimate employment expectations.

18. Despite Plaintiff's qualifications and job performance, she was discriminated against by Defendant because of her sex/gender.

19. Defendant's discrimination against Plaintiff was intentional.

20. Defendant discriminated against Plaintiff in the terms and conditions of employment in that her employment was terminated.

21. Defendant's decision to terminate plaintiff was not based upon any performance based reason, but rather was illegal discrimination on the basis of her sex/gender.

22. Defendant's actions, as described above, are in violation of Title VII, in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her sex/gender.

23. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights, Plaintiff has suffered lost wages, the indignity of discrimination, which has manifested in emotional distress, and further has harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff by and through her attorneys, Ed Fox & Associates, Ltd., requests the following relief:

A. That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

C. That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

D. That the Court grant such other and further relief as the Court may deem just or equitable.

BY: s/ Garrett Browne
Attorney for Plaintiff
ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

      BY:    s/Garrett Browne
                 Attorney for Plaintiff
                 ED FOX & ASSOCIATES. Ltd.
                 Attorneys for Plaintiff
                 300 West Adams
                 Suite 330
                 Chicago, Illinois 60606
                 (312) 345-8877
                 gbrowne@efoxlaw.com